UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRIS KELLY, | ) |
|       Plaintiff, | ) |
| v. | ) No. 1:21-cv-01224-JPH-MG |
| BUREAU OF MOTOR VEHICLES, PETER LACY Commissioner, BMV, | ) |
|       Defendants. | ) |

### ORDER

Plaintiff Chris Kelly's complaint does not show that this Court has subject-matter jurisdiction, and he has not paid the filing fee or filed a motion to proceed *in forma pauperis*. *See* dkt. 1. He shall have until **June 25, 2021** to show cause why his case should not be dismissed without prejudice for lack of subject-matter jurisdiction and for nonpayment of his filing fee. The Clerk is **directed** to include a blank *in forma pauperis* form with Mr. Kelly's copy of this order.

    **I.**    **Subject-matter jurisdiction**

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). To hear and rule on the merits of a case, a federal "court must have the power to decide the claim before it (subject-matter jurisdiction)." *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017). "The party asserting federal jurisdiction bears the burden of demonstrating its existence." *Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir.

1

2013).  And "[i]f the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

The Court does not appear to have jurisdiction over this case.  The Supreme Court has explained the two general ways to establish subject-matter jurisdiction:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.  Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction.  A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States.  She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations and quotation omitted).

Mr. Kelly's complaint does not identify a federal claim.  *See* dkt. 1 at 3.  He alleges that the Bureau of Motor Vehicles violated Indiana state law, *see id.*, and this does not establish federal-question jurisdiction.  Nor has Mr. Kelly established diversity jurisdiction.  The complaint states that both he and Defendants are citizens of Indiana.  *See id.* at 2.  Diversity jurisdiction requires that "no plaintiff may be from the same state as any defendant."  *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th Cir. 2006).

Because Mr. Kelly has not demonstrated subject-matter jurisdiction, his complaint must be dismissed.  He shall have **through June 25, 2021**, to show cause why this action should not be dismissed for lack of subject-matter jurisdiction.  If he fails to respond by this date, the Court will dismiss this case without prejudice.

## II.     Filing Fee

Mr. Kelly has also filed his complaint without paying the filing fee or demonstrating that he lacks the financial ability to do so.  He **SHALL** either pay the filing fee or seek leave to proceed *in forma pauperis* **by June 25, 2021**.  The **Clerk is directed** to include a form motion to proceed *in forma pauperis* with Mr. Kelly's copy of this order.

**SO ORDERED.**

Date: 5/24/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRIS KELLY
7127 Sea Pine Dr.
Indianapolis, IN 46250